UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANNETTE COOPER,

    Plaintiff,

v.                                                    Case No:   2:14-cv-101-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

This cause is before the Court on Plaintiff, Jannette Cooper's Complaint (Doc. 1) filed on February 20, 2014.   Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits.   The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.   For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

### I. Social Security Act Eligibility, the ALJ Decision, and Standard of Review

#### A.  Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905.   The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.   42 U.S.C. §§423(d)(2),

1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B. Procedural History

On December 9, 2010, Plaintiff filed an application for disability and disability insurance benefits asserting a disability onset date of June 26, 2008. (Tr. p. 90, 135). Plaintiff's application was denied initially on February 9, 2011, and denied upon reconsideration on May 25, 2011. (Tr. p. 90-91). A hearing was held before Administrative Law Judge William M. Manico on January 14, 2013. (Tr. p. 53-89). ALJ Manico issued an unfavorable decision on February 7, 2013. (Tr. p. 11-21). On January 18, 2014, the Appeals Council denied the Plaintiff's request for review. (Tr. p. 1-4). 2013. The Plaintiff filed a Complaint (Doc. 1) in the United States District Court on February 20, 2014. This case is now ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc.17).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Commissioner of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013)[1] (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. Ap. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the Social Security Act's insured status requirements through March 31, 2013. (Tr. p. 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 26, 2008, the alleged onset date. (Tr. p. 13). At step two, the ALJ found that the Plaintiff suffered from the following severe impairment: fibromyalgia, citing 20 C.F.R. §404.1520(c). (Tr. p. 13). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526). (Tr. p. 17). At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform light work except that she may only lift 10 lbs. occasionally and less than 10 lbs. frequently; must be allowed to alternate sitting and standing; may only occasionally balance, climb, stoop (but no more than 90 degrees), or crouch; may never kneel, crawl, or climb ladders, ropes or scaffolds; and, may frequently handle, finger, and feel. (Tr. p. 17). The ALJ found that Plaintiff is capable of performing her past relevant work as a Sales Clerk which does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity ("RFC"). (Tr. p. 21). The ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act, from June 26, 2008 through the date of the decision. (Tr. p. 21).

**D. Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises the following issue on appeal. Plaintiff contends that the ALJ erred in finding that Plaintiff could perform her past relevant work as a Sales Clerk. Plaintiff asserts that the ALJ failed to set forth the physical and mental requirements of Plaintiff's past relevant work, but did include a limitation in Plaintiff's RFC that Plaintiff would need to alternate between sitting

and standing throughout the workday. Plaintiff argues that the ALJ erred in failing to set forth with specificity how often Plaintiff would need to alternate between sitting and standing, and how this limitation would affect Plaintiff's ability to perform her past relevant work as she actually performed it or as it is generally performed.

Plaintiff argues that the ALJ did not properly develop evidence as to the physical requirements of Plaintiff's past relevant work. Citing to Social Security Report No. 82-62, Plaintiff contends that the ALJ failed to make findings as to the physical and mental demands of Plaintiff's past work, and factual finding as to Plaintiff's RFC regarding the frequency of alternating between the sit and stand option that would permit her to return to her past job. Plaintiff noted that the ALJ relied on Plaintiff's testimony as to the physical and mental demands of her past relevant work, but argues that Plaintiff's testimony did not indicate whether she would be able to sit or stand at will throughout the workday.

Plaintiff also argues that pursuant to Social Security Ruling No. 83-12, when an individual must alternate between sitting and standing during the workday, then the ALJ should have consulted a vocational specialist to clarify the impact this limitation has on the occupational base. Plaintiff contends that pursuant to Social Security Ruling No. 96-8p, the ALJ was required to specify whether the need to alternate between sitting and standing is at will, or whether Plaintiff is able to stand and sit for a certain specified amounts of time. Plaintiff asserts that in her past relevant work, she was required to stand and walk at times, required to sit at times, and at other times was given the option to sit or stand. Plaintiff claims that if she was required to sit or stand for a certain period of time, she would not be able to perform her past relevant work.

The Commissioner responds that the ALJ properly assessed Plaintiff's RFC that she was able to perform light work except that she was limited to lifting ten pounds occasionally and less

than ten pounds frequently, must be allowed to alternate between sitting and standing, can only occasionally balance, climb, stoop (but no more than 90 degrees), or crouch and can never kneel, crawl, or climb ladders, ropes or scaffolds. The Commissioner argues that a common sense reading of the ALJ's RFC would find that Plaintiff could sit or stand at will within her ability to sit for approximately six hours in and eight-hour workday. The Commissioner contends that the ALJ relied on Plaintiff's report and testimony as to her job duties for her past relevant work as a Sales Clerk, and this information provided by Plaintiff was sufficient to determine that she was capable of returning to this work as she actually performed it.

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)). Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x. 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, 1982 WL 31386 *4 (1982). A plaintiff is the primary source for vocational information, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*. at *3.

An ALJ must consider all of the duties of a plaintiff's past relevant work and evaluate a plaintiff's ability to perform that work in spite of his impairments. *Levie v. Comm. of Soc. Sec.*, 514 Fed. App'x. 829, 830 (11th Cir. 2013). At the fourth step of the sequential evaluation, the burden lies with Plaintiff to show that she cannot return to her past relevant work. *Id*. *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007).

The ALJ included a limitation in Plaintiff's RFC that she "must be allowed to alternate sitting and standing" based upon her own testimony. (Tr. p. 17). The ALJ noted that Plaintiff testified that she could not "do a job sitting or standing most of the day because [she] has to alternate positions." (Tr. p. 18, 19). The ALJ found that Plaintiff was able to perform her past relevant work as a Sales Clerk as actually performed. (Tr. p. 21). He reviewed Plaintiff's description of her job functions in Exhibit 21E and her testimony at the hearing, noting that she spent equal amounts of time sitting and standing while working as a Sales Clerk. (Tr. p. 21).

At the hearing on January 14, 2013, Plaintiff testified that as a part-time Sales Clerk, she performed very light office work and sales. (Tr. p. 55, 57). Plaintiff mainly assisted the sales department and sold small parts from the parts department, but her job was more akin to a receptionist. (Tr. p. 56). She made entries into an accounting book, had a small desk to use to assist in writing estimates or completing paperwork, and had a cubicle when she stood to take phone calls or assist walk-in customers. (Tr. p. 57). Plaintiff testified that the job "allowed me to stand or sit, which I did alternate throughout the day" and the sitting and standing were evenly divided throughout the workday. (Tr. p. 57, 85). Plaintiff testified that the job did not entail lifting anything heavier than two pounds. (Tr. p. 57). Plaintiff testified that she was required to infrequently bend or crouch to obtain a pamphlet that was on a lower shelf, but was not required to climb of stairs. (Tr. p. 87, 85). The ALJ noted at the hearing that Plaintiff alternated

between sitting and standing during the hearing. (Tr. p. 63).

Plaintiff completed a Work History Report on January 24, 2011, for the Sales Clerk position, indicating that she completed basic paperwork, work orders, proposals, and answered telephones. (Tr. p. 186). Plaintiff was required to use machines, have knowledge, and complete reports. (Tr. p. 186). Plaintiff stated that she was required to walk one hour, stand six to eight hours, and sit one to two hours per day, and climb for 15 minutes. (Tr. p. 186). The lifting and carrying requirement was less than 10 pounds. (Tr. p. 186).

The ALJ found, and Plaintiff agrees, that her RFC must include a sit or stand option. Plaintiff argues that the ALJ did not sufficiently articulate Plaintiff's limitation as it relates to the sit/stand option. As outlined in SSR 83-12, some individuals who can perform light work must be allowed to "sit for a time, but must then get up and stand or walk for a while before returning to sitting." SSR 83-12, 1983 WL 31253, *4 (1983). If a job requires that a person must sit, stand or walk for a certain length of time to accomplish a task, and this person is not permitted to sit, stand, or walk at will, then "a VS should be consulted to clarify the implications for the occupational base." *Id*. Plaintiff argues that no vocational expert was used to clarify the limitations for the job of Sales Clerk. Further, Plaintiff contends that the RFC failed to contain the specificity as to the frequency of the Plaintiff's need to alternate between sitting and standing. Pursuant to SSR 96-9p, an RFC must contain the specifics as to the frequency of Plaintiff's need to alternate between sitting and standing. SSR 96-9p, 1996 WL 374185, *7 (1996).

The ALJ relied on Plaintiff's testimony and Work History Report to describe the mental and physical demands of her past relevant work as she actually performed it. Plaintiff testified that she was allowed to stand or sit, alternated standing and sitting throughout the day, and she sat and stood about evenly throughout the work day. The burden is on Plaintiff to show that she can

no longer perform her past relevant work. Her specific job as a Sales Clerk allowed her to stand or sit. Plaintiff failed to testify that her past relevant work as a Sales clerk required her to stand for a certain amount of time or sit for a certain amount of time during the workday. Therefore, a vocational expert was not needed because Plaintiff's past relevant work did not require a set amount of time in the workday that Plaintiff was required to sit or to stand. The position as Plaintiff described it was mainly answering the telephones, completing paper work, and assisting customers. These tasks were varied throughout the workday. The ALJ found that Plaintiff must be allowed to alternate between sitting and standing, and Plaintiff's testimony at to her description of her past relevant work was that it "allowed" her to stand or sit which she alternated throughout the day. Although Plaintiff did not use the term "at will" she also did not use any terms which would require her to either sit or stand for a certain period of time while working as a Sales Clerk. Therefore, the Court finds that the ALJ did not fail to set forth appropriate limitations as to Plaintiff's sit or stand option, did not err in failing to obtain a vocational expert, and did not need to address the frequency of Plaintiff's need to alternate between sitting and standing because Plaintiff's testimony showed that her past relevant work as a Sales Clerk allowed her to alternate between standing and sitting throughout the workday.

Plaintiff asserts that the ALJ did not properly develop evidence as to the physical and mental requirements of Plaintiff's past relevant work, and failed to make findings in Plaintiff's RFC as to the frequency of the sit or stand option. SSR 82-62 requires the ALJ to make findings of fact as to the physical and mental demands of a plaintiff's past relevant work. SSR 82-62, 1982 WL 31386 *4 (1982). A primary source for the demands of a plaintiff's past relevant work is the plaintiff. The ALJ relied heavily on Plaintiff's testimony at the hearing as to the requirements of her past relevant work as a Sales Clerk. The ALJ also relied on Plaintiff's description of her past

relevant work found in the Work History Report. The ALJ noted that Plaintiff's job as a Sales Clerk did not require lifting, and involved spending most of the day on the phone setting appointments for estimates. (Tr. p. 21). The job allowed her to sit and stand equally throughout the day, and did not involve climbing, did require occasional bending at the waist, and might require brief bending at the knees. (Tr. p. 21). Further, at the hearing, the ALJ closely questioned Plaintiff as to her job duties and requirements as a Sales Clerk, noting that Plaintiff performed very light office duties similar to a receptionist, made accounting entries, wrote paperwork, answered the telephone, and assisted customers. As set forth above, the Court finds that the ALJ clearly articulated the sit or stand option which allowed Plaintiff to stand or sit throughout the workday. The ALJ did make specific findings as to the physical and mental demands of Plaintiff's past relevant work as a Sales Clerk.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 24, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record/Unrepresented Parties